UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————

No. 18-3045

———————

UNITED STATES OF AMERICA,                    Appellee,

v.

CHARLES MORGAN, JR.,                          Appellant.

## OPPOSITION TO APPELLANT'S MOTION TO FILE SUPPLEMENTAL BRIEFING

Despite his unexcused failure to raise this issue previously, Charles Morgan, Jr., has now moved, more than a year after oral argument, to file a 2,000-word supplemental brief to raise an entirely new issue. Morgan's motion comes four years after he noticed his appeal in this case, and nearly two years after Morgan filed his opening brief, which was itself 2,000 words over this Court's word limit. The purpose of Morgan's proposed supplemental brief is not to expand upon any of the issues he raised in his opening brief and argued before this Court, but is instead to raise an entirely new claim. That new claim was available to Morgan both during the proceedings below and when he drafted his opening brief—it

was not foreclosed by precedent from this Court or the Supreme Court. The fact that a new case has come out that might have been relevant to that claim, had it been timely raised, does not excuse his failure to do so. Instead, Morgan is now "attempt[ing] to file a second main brief to advance arguments overlooked in [his] first main brief." *Plaquemines Port, Harbor, & Terminal Dist. v. Fed. Mar. Comm'n*, 838 F.2d 536, 551 (D.C. Cir. 1988). Although this Court has the authority to allow supplemental briefing, "[t]his is not the rare case that compels [it] to exercise [its] discretion to consider an untimely argument." *Intercollegiate Broad. Sys. v. Copyright Royalty Bd.*, 574 F.3d 748, 756 (D.C. Cir. 2009). Morgan's motion thus should be denied.

## BACKGROUND

Shortly after midnight on May 23, 2016, 55-year-old Charles Morgan picked up 15-year-old J.T. while she was waiting for the bus in the District of Columbia, forced her to perform oral sex, and then drove her to his home in Maryland, where he sodomized her (*see* Brief for the United States, *United States v. Morgan*, No. 18-3045, at 2-9). A few days later, law enforcement set up a recorded phone call between J.T. and Morgan (*id.* at 9). During the call, Morgan repeatedly asked J.T. if she

2

could "get out tonight" (*id.*). When she demurred, Morgan responded, "You don't want it bad enough," and hung up (*id.*). Shortly thereafter, using J.T.'s phone, a law enforcement officer sent a text message to Morgan: "Was goin to say meet up next week" (*id.*). Morgan replied, "Go take pic of that pussy and asshole and send to me" (*id.*). Morgan then spoke to J.T. on the phone and repeated his demand for a picture of her genitalia (*id.* at 10). Specifically, Morgan asked J.T., "Did you send the picture?" (*Id.*) After she responded, "No," he asked, "What you waitin' on? . . . [D]id you read my text? . . . You gonna send the picture?" (*Id.*) When J.T. replied, "I can't right now," Morgan asked, "Why? You can't go in the bathroom?" (*Id.*) J.T. said that her sister was using the bathroom, to which Morgan responded: "Okay. I have a question. Is there someplace you can go to get some privacy and take your pants down?" (*Id.*) When he committed these crimes, Morgan was required to register as a sex offender based on his prior conviction for armed rape, but had not done so.

On November 1, 2016, a grand jury indicted Morgan for, among other things, transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a); attempted production

3

of child pornography, in violation of 18 U.S.C. § 2251(a), (e); and two counts of commission of a felony by a person required to register as a sex offender, in violation of 18 U.S.C. § 2260A (Appendix of Appellant (A.) 33-39). Between April 25 and May 4, 2018, the Honorable Ellen Segal Huvelle held a bifurcated trial on these charges (A.22-24). After a jury convicted Morgan of the transportation and child pornography offenses, Judge Huvelle found Morgan guilty of the registration counts based on a stipulated bench trial. On July 18, 2018, Judge Huvelle sentenced Morgan to a total of 40 years in prison and a lifetime of supervised release (A.324-25). Morgan timely appealed on July 20, 2018 (A.321).

Morgan filed his opening brief more than two years later, on October 28, 2020. Before he did so, Morgan obtained permission from the Court to file a brief that was up to 15,000 words long—2,000 more than the typical word limit. In his brief, Morgan raised two issues: (1) a challenge to the court's admission of expert drive-test evidence; and (2) a challenge to the jury instructions on the § 2423(a) charge (Morgan also preserved a non-delegation doctrine challenge to the Sex Offender Registration and Notification Act) (see Brief for Appellant, *United States*

*v. Morgan*, No. 18-3045, at 1-2). Morgan raised no challenge to the jury instructions on the attempted production of child pornography charge.

The Court heard oral argument in this case on April 23, 2021, and a decision remains pending. Separately, on September 17, 2021, a panel of this Court issued an opinion in *United States v. Hillie*, 14 F.4th 677 (D.C. Cir. 2021). In that case, the defendant challenged in both the district court and on appeal the sufficiency of the evidence that videos he surreptitiously took of his girlfriend's minor daughter showed her "engaging in sexually explicit conduct." *Id.* at 682-83. The panel interpreted the phrase "lascivious exhibition of the anus, genitals, or pubic area of any person"—one part of the definition of "sexually explicit conduct"—"to cover visual depictions in which a minor, or someone interacting with a minor, engages in conduct displaying their anus, genitalia, or pubic area in a lustful manner that connotes the commission of sexual intercourse, bestiality, masturbation, or sadistic or masochistic abuse." *Id.* at 683-84, 687. For Hillie's attempted sexual exploitation charge, the panel held that "the Government was required to prove that Hillie intended to use [the minor] to engage in the lascivious exhibition of her genitals by displaying her anus, genitalia, or pubic area in a lustful

5

manner that connotes the commission of sexual intercourse, bestiality, masturbation, or sadistic or masochistic abuse." *Id.* at 694.

The government moved for rehearing en banc in *Hillie*, which this Court denied on June 28, 2022. *See United States v. Hillie*, 38 F.4th 235 (D.C. Cir. 2022) (en banc). At the same time, the panel granted rehearing to hold that "lascivious exhibition of the genitals" means "that the minor displayed his or her anus, genitalia, or pubic area in a manner connoting that the minor, or any person or thing appearing with the minor in the image, exhibits sexual desire or an inclination to engage in *any* type of sexual activity." *Id.* (Wilkins, J., concurring in the denial of rehearing *en banc*); *see United States v. Hillie*, No. 19-3027, 2022 WL 2333936, at *7 (D.C. Cir. June 28, 2022). Likewise, the panel amended the opinion to state that, to prove the attempted crime, "the Government was required to prove that Hillie intended to use [the minor] to engage in the lascivious exhibition of her genitals by displaying her anus, genitalia, or pubic area in a lustful manner that connotes the commission of a sexual act." *Hillie*, 2022 WL 2333936, at *12.

# ARGUMENT

Morgan fails to show that this is the "rare case" in which his failure to raise an issue should be excused. Relying on *Hillie*, Morgan now seeks to "present the argument that the 'lascivious exhibition' jury instruction [in this case] met the standard for plain error" (Appellant's Motion to File Supplemental Briefing (Motion) at 4). Morgan recognizes that he failed to challenge the relevant jury instruction below—which is why he asserts that the plain-error standard applies. He does not suggest that his new claim regarding that instruction is somehow related to the three arguments he raised in his opening brief. And he offers no explanation whatsoever for his failure to raise this argument in his opening brief—which he had more than two years to prepare—and indeed did not seek to raise it in the 10 months between the time that the *Hillie* panel issued its decision and the time that the full court denied rehearing *en banc*.

There is no doubt that Morgan could have raised a *Hillie*-type statutory construction argument/challenge to the jury instructions/ challenge to the sufficiency of the evidence in the district court and, had he not invited any error (see *infra* at 9 n.1), on appeal. The defendant in *Hillie* did just that. *See Hillie*, 14 F.4th at 682. Indeed, Hillie was charged

around the same time as Morgan (January 2017 versus November 2016), went to trial around the same time (March 2018 versus April 2018), and litigated his appeal around the same time (this Court heard oral argument in *Hillie* on April 20, 2021, and in *Morgan* two days later). Thus, nothing prevented Morgan from raising the same claim as Hillie. Notably, Morgan does not argue that the new claim would have been foreclosed by precedent, but instead seems to suggest that he made a strategic decision not to raise a *Hillie*-type argument on appeal and instead to focus on two issues on which he believed he was more likely to prevail (see Motion at 2 ("As noted by the three members of this Court who voted to rehear the case en banc, *Hillie* reads the term 'lascivious exhibition' in 18 U.S.C. § 2256(2)(A) (defining 'sexually explicit conduct' as used in the child pornography statute) significantly more narrowly than do other circuits.")). But regardless of whether this omission was strategic of inadvertent, the purpose of supplemental briefing is not to allow a party "to file a second main brief to advance arguments overlooked in its first main brief." *Plaquemines Port, Harbor & Terminal Dist.*, 838 F.2d at 551. Rather, "new issues and arguments not stated in [an] original brief . . . are not properly before the court." *Id.*; *see, e.g.*,

8

*United States v. Pompa*, 434 F.3d 800, 806 n.4 (5th Cir. 2005) ("Neither of the Pompas addressed the sufficiency-of-the-evidence argument in their opening briefs, instead filing supplemental briefs on the subject. Any issue not raised in an appellant's opening brief is deemed waived.").[1]

That is true notwithstanding the fact that *Hillie* had not been decided at the time Morgan filed his opening brief. As the Eleventh Circuit has explained, "parties cannot properly raise new issues at supplemental briefing, even if the issues arise based on the intervening

---

[1] That Morgan's failure to raise the issue may have been strategic—and that, even if it was inadvertent, this is not the "rare case" for excusing his failure—is highlighted by the fact that Morgan is the one who proposed the very language he now seeks to challenge (compare A.272 (Morgan's proposed definition of "lascivious exhibition") with A.1410 (instruction given by district court)). Although the government had proposed a different definition of "lascivious exhibition" (A.119), Morgan convinced the district court to give his instruction instead. He thus invited any error in the district court's instruction defining "lascivious exhibition" and even a timely claim would be barred on appeal. *See United States v. Harrison*, 103 F.3d 986, 992 (D.C. Cir. 1997); *United States v. Wiggins*, 530 F.2d 1018, 1020 (D.C. Cir. 1976) ("Clearly, appellant is now precluded from assigning as error an instruction which his counsel specifically requested and approved. . . . [A]n invited error generally does not require reversal, i.e., appellant cannot now complain that the court gave an instruction which he requested."); *Weldon v. United States*, 183 F.2d 832, 835 (D.C. Cir. 1950) ("[A]ppellant, having requested an instruction . . . cannot now complain because the instruction was, in effect, granted.").

decisions or new developments cited in the supplemental authority." *United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000).[2] That is because "a party normally waives its right to argue issues not raised in its initial brief," and there is "no miscarriage of justice" when the court of appeals "decline[s] to address any arguments based on [an intervening opinion,]" particularly where—as here—the argument "was available to [the party] at the time of trial and at the time of appeal[.]" *McGinnis v. Ingram Equipment Co.*, 918 F.2d 1491, 1496 (11th Cir. 1990); *see also United States v. Stacker*, No. 16-6721, 2017 U.S. App. LEXIS 21229, at *1 (6th Cir. 2017) (denying motion to file supplemental brief "[b]ecause

---

[2] Every circuit recognizes an exception, not applicable here, "where there is an intervening decision of the Supreme Court on an issue that overrules either a decision of that Court or a published decision of [the Circuit] that was on the books when the appellant's opening brief was filed[.]" *United States v. Durham*, 795 F.3d 1329, 1331 (11th Cir. 2015) (en banc). Indeed, that was true in the one case—*United States v. Jamal Adams*, No. 16-3021—cited by Morgan (at 5) as an example of this Court ordering post-argument supplemental briefing. *See United States v. Adams*, No. 16-3021, 2019 U.S. App. LEXIS 26514, at *1 (D.C. Cir. Aug. 30, 2019) ("Upon consideration of the parties' supplemental briefs, it is ORDERED that Heru-Bey's conviction be vacated and the case remanded to the district court for further proceedings. The government has conceded that in light of *Marinello v. United States*, 138 S. Ct. 1101 (2018), the jury instructions were erroneous and that this error was plain.").

briefing was complete more than four months ago and the proposed new issue could have been raised in the original brief"). Particularly where he invited the error about which he now seeks to complain, Morgan identifies no reason for this court to conclude that this is "the rare case that compels [it] to exercise [its] discretion to consider an untimely argument." *Intercollegiate Broad. Sys.*, 574 F.3d at 756. His motion to file supplemental briefing thus should be denied.

## CONCLUSION

WHEREFORE, the government respectfully requests that this Court deny Appellant's Motion to File Supplemental Briefing.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

CHRISELLEN R. KOLB
JOHN P. MANNARINO
Assistant United States Attorneys

_____/s/_____
DANIEL J. LENERZ
D.C. Bar #888283905
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Daniel.Lenerz@usdoj.gov
(202) 252-6829

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing Entry of Appearance to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, Lisa B. Wright, Esq., Assistant Federal Public Defender, 625 Indiana Avenue, NW, Suite 550, Washington D.C. 20004, on this 26th day of July, 2022.

/s/
DANIEL J. LENERZ
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE WITH RULE 27(D)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 27(d)(2)(A) that the foregoing opposition contains 2,324 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). The motion was prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
DANIEL J. LENERZ
Assistant United States Attorney